IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL E. BROWN,<br><br>    Plaintiff(s),<br><br>vs.<br><br>ELOY MEDINA,<br><br>    Defendant(s). | No. C 07-4280 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docs # 2 & 3) |

Plaintiff, a prisoner at Salinas Valley State Prison in Soledad, California ("SVSP"), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that SVSP appeals coordinator Eloy Medina has interfered with plaintiff's efforts to pursue California's prison administrative appeal process and file an action in federal court by improperly screening out and cancelling his administrative appeals.

Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915 and moves for a preliminary injunction.

**DISCUSSION**

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1   claims or dismiss the complaint, or any portion of the complaint, if the complaint
2   "is frivolous, malicious, or fails to state a claim upon which relief may be
3   granted," or "seeks monetary relief from a defendant who is immune from such
4   relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed. Balistreri
5   v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7   elements:  (1) that a right secured by the Constitution or laws of the United States
8   was violated, and (2) that the alleged violation was committed by a person acting
9   under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

10  B.    Legal Claims

11        It is well-established that there is no constitutional right to a prison
12  administrative appeal or grievance system, see Ramirez v. Galaza, 334 F.3d 850,
13  860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that
14  a state's creation of a prison administrative appeal or grievance system does not
15  implicate a liberty interest protected by the Due Process Clause, see Antonelli v.
16  Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494,
17  495 (8th Cir. 1993) (same).  Plaintiff's allegations regarding his appeals
18  coordinator's improper screening out and cancelling his administrative appeals
19  fail to state a claim under § 1983 and are dismissed  See id.

20        It matters not that plaintiff invokes his constitutional right of access to the
21  courts.  The timely filing of this action makes clear that the hindrances of which
22  he complains did not cause him an actual injury to court access.  See Lewis v.
23  Casey, 518 U.S. 343, 351 (1996); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir.
24  2004).  Plaintiff is free to file a federal action challenging the conditions of his
25  confinement and argue therein that the screening out and/or cancelling of his
26  administrative appeal constitutes exhaustion under 42 U.S.C. § 1997e(a).

27
28        2

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (<u>see, e.g.</u>, doc # 3), and close the file.

SO ORDERED.

DATED:  10/0107

CHARLES R. BREYER
United States District Judge